IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CLIFFORD ALLEN SMITH, § | | |
| TDCJ #576142, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. G-06-0377 |
| § | | |
| SUZANNE SCHWAB RADCLIFFE and § | | |
| CLINT WAYNE BROWN, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Clifford Allen Smith (TDCJ #576142), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Smith, who appears *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Smith has supplemented his complaint with a "more definite statement" of his claims. (Doc. # 11). At the Court's request, Smith has also provided answers to interrogatories about his claims. (Doc. # 12). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

---

[1] On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

## I. BACKGROUND

Smith is currently incarcerated at TDCJ's Wynne Unit in Huntsville, Texas. Smith sues Associate Judge Suzanne Schwab Radcliffe of the 306th District Court of Galveston County, Texas, and her bailiff, Constable Clint Wayne Brown.[2] Smith complains that Constable Brown made false allegations against him concerning a remark that he reportedly made following a hearing on or about February 15, 2005. In that proceeding, Judge Radcliffe granted an emergency protective order against Smith and in favor of Smith's former girlfriend, Suzanna Maira, in cause number 05-FD-0258.[3] (Doc. # 11, at 6).

According to the pleadings and exhibits, Constable Brown allegedly overheard Smith making angry remarks about some of Judge Radcliffe's "stupid" rulings as he was leaving court on the day of the hearing. (Doc. # 11, Exhibit). Constable Brown reportedly heard Smith threaten to "get . . . the judge" and some other individuals of Mexican descent. (*Id.*). Assuming that Smith was referring to Judge Radcliffe and the complainant who had obtained the protective order against him (Maira), Brown disclosed Smith's comments to Judge Radcliffe and recorded his observations in a written memorandum. (*Id.*).

---

[2] Smith also spells Judge Radcliffe's name as Ratcliff. Public records reflect that Janis Yarbrough is Presiding Judge of the 306th District Court of Galveston County, which is a family court that hears motions for restraining orders and the like. Public records also show that Suzanne Schwab-Radcliffe is an Associate Judge in that court. For the sake of consistency, the Court will spell the name as used in the original complaint ("Radcliffe").

[3] Smith filed a separate lawsuit involving this proceeding, alleging that the presiding judge violated his constitutional rights ane engaged in official oppression during this proceeding. That case was dismissed as frivolous. *See Smith v. Ratcliff*, Civil No. 3-06-0103 (S.D. Tex. July 17, 2006). The Fifth Circuit affirmed the dismissal. *See Smith v. Ratcliff*, No. 06-41189 (5th Cir. Sept. 4, 2007).

Smith claims that, with Judge Radcliffe's permission and consent, Constable Brown reported the threatening remarks to the Galveston County District Attorney's Office, which authorized charges against Smith for retaliation in violation of Section 36.06 of the Texas Penal Code.[4] Those charges were filed against Smith in cause number 05-CR-1182, in the 405th District Court of Galveston County, Texas.

Smith denies making any threatening remarks. He accuses Constable Brown and Judge Radcliffe of manufacturing the charges against him. Smith asserts that the retaliation charge was dismissed by the State of Texas on February 1, 2007. Because the charges terminated in Smith's favor, he contends that Judge Radcliffe and Constable Brown are liable for "malicious prosecution" for making false allegations against him. Smith seeks $67,000 in damages. A review of the pleadings demonstrates, however, that the complaint must be dismissed for reasons discussed further below.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates initial screening of a prisoner civil rights complaint. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize

---

[4] An individual commits the offense of retaliation if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant, witness, prospective witness, or informant, or a person who has reported or who the actor knows intends to report the occurrence of a crime. TEX. PENAL CODE § 36.06(a)(1). The Court takes judicial notice that Smith was arrested and charged with assaulting his former girlfriend, Suzanne Maira, on or about March 7, 2004. *See Smith v. Fort Bend County Sheriff's Dep't*, Civil No. H-06-1865 (S.D. Tex.) (suing the arresting deputy for false arrest after those charges were eventually dropped).

3

the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A district court may dismiss a prisoner's complaint as frivolous if the complaint "lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955,

4

1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

Smith complains that Judge Radcliffe and Constable Brown made false allegations against him that resulted in criminal charges. Thus, Smith claims that these defendants are liable under 42 U.S.C. § 1983 because he was arrested on false charges and subjected to malicious prosecution.

Smith's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights

secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).  Smith fails to show that he is entitled to recover any of the relief sought under 42 U.S.C. § 1983.

  A. **Malicious Prosecution**

Texas law recognizes a claim for malicious prosecution where the following elements are shown:  (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendants or with their aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendants acted without probable cause; (6) the defendants acted with malice; and (7) the criminal proceeding damaged the plaintiff.  *See Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) (citing *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994)).  Here, Smith alleges that a criminal action for retaliation was filed against him as a result of the defendants' false allegations and that the criminal action eventually terminated in Smith's favor because the charges were dismissed.  Smith does not provide specific facts showing that the defendants acted with malice and without probable cause.  Even if Smith's allegations satisfied the traditional elements of a malicious-prosecution claim, however, his civil rights complaint would still fail as a matter of law.

The Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution," and that "'malicious prosecution' standing alone is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc), *cert. denied*, 543 U.S. 808 (2004). To the extent that Smith's complaint is governed by 42 U.S.C. § 1983, his underlying claim "must rest upon a denial of rights secured under federal and not state law." *Id.* at 942. Mere allegations of malicious prosecution do not implicate the Constitution or a violation of federal law, as the Fifth Circuit in *Castellano* explains:

> [C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim . . . .
>
> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection — Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights specifically locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953-54. Accordingly, to the extent that Smith complains that the defendants subjected him to arrest and prosecution for malicious purposes, this allegation fails to state a valid claim under 42 U.S.C. § 1983.

### B.  Alternatively, Smith's Claims are Barred by *Heck v. Humphrey*

Smith's claims fail for an additional reason. Smith contends that, as an "indirect result" of the false charges filed by the defendants, the Texas Board of Pardons and Paroles

7

voted to revoke his parole. It is not clear whether Smith's parole was revoked as a result of these charges, but he appears to accuse Judge Radcliffe and Constable Brown of contributing to the revocation. In particular, Smith alleges in his more definite statement that Judge Radcliffe testified against him during his parole revocation hearing on March 7, 2007, about the remarks overheard by Constable Brown which formed the basis of the retaliation charges. (Doc. # 12, at 1-2).

Smith cannot recover monetary damages from the defendants for alleged improprieties that resulted in the revocation of his parole. It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

To the extent that Smith complains that the defendants' false allegations were somehow responsible for his parole revocation and incarceration, his claims are barred by

the rule in *Heck v. Humphrey* because he has not alleged or shown that his parole revocation has been overturned or set aside. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995). For this additional reason, Smith's civil rights claims are not cognizable under 42 U.S.C. § 1983 and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on December 5th, 2007.

Nancy F. Atlas
United States District Judge